**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| PATRICK KENNEALLY, in his official capacity as McHENRY COUNTY STATE'S ATTORNEY and on behalf of the PEOPLE OF THE STATE OF ILLINOIS, and McHENRY COUNTY, body politic and corporate, | No. 3:23-cv-50039 |
| Plaintiffs, | Hon. Iain D. Johnston |
| v. | |
| KWAME RAOUL, in his official capacity as Illinois Attorney General, and GOVERNOR J.B. PRITZKER, in his official capacity as Governor of the State of Illinois, | |
| Defendants. | |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Kwame Raoul and JB Pritzker, by their attorney, Kwame Raoul, Attorney General of the State of Illinois, move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c):

**INTRODUCTION**

Plaintiffs, the McHenry County State's Attorney and McHenry County, challenge the Protect Illinois Communities Act (the "Act"), which, as relevant here, generally prohibits the sale and possession of "assault weapon[s]" and "large capacity ammunition feeding device[s]" in Illinois. *See* 720 ILCS 5/24-1.9, 24-1.10. But Plaintiffs lack standing to bring this claim in their official capacities as a state officer and body politic. They do not, and cannot, show a distinct and palpable injury in fact related to their official capacities. Therefore, the Court should enter judgment in favor of Defendants and against Plaintiffs and dismiss this action with prejudice.

**STANDARD OF REVIEW**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). When a defendant moves for judgment on the pleadings pursuant to Rule 12(c), the standard of review is essentially the same as that under Rule 12(b)(6). *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). When ruling on a Rule 12(c) motion, "the court assumes the truth of the well–pleaded factual allegations in the non–movant's pleadings, though not their legal conclusions." *Blasberg v. City of Chicago*, No. 18 cv 1386, 2018 WL 3046867, at *1 (N.D. Ill. June 20, 2018) (citing *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016)).

**ARGUMENT**

Plaintiffs lack standing to challenge the constitutionality of the Act. "Article III restricts the judicial power to actual 'Cases' and 'Controversies,' a limitation understood to confine the federal judiciary to 'the traditional role of [the] courts, which is to redress or prevent actual or imminently threatened injury.'" *Ezell v. City of Chicago*, 651 F.3d 684, 694-95 (7th Cir. 2011) (citing *Summers v. Earth Island Inst.,* 555 U.S. 488, 491 (2009)). Accordingly, it is Plaintiffs' burden to establish standing by showing that they have suffered (1) an injury in fact, (2) that is fairly traceable to the actions of the defendant, and (3) redressable by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The alleged threatened injury-in-fact must be "actual and imminent, not conjectural or hypothetical." *Summers*, 555 U.S. at 493.

Plaintiffs must show that they have been injured "in a personal and individual way." *Prim v. Raoul*, No. 3:20 cv 50094, 2021 WL 214641, at *1 (N.D. Ill. Jan. 21, 2021) (Johnston, J.) (quoting *Rauner v. Am. Fed'n of State, Cty., & Mun. Employees*, No. 15 cv 1235, 2015 WL 2385698, at *3 (N.D. Ill. May 19, 2015)). Generally, state officials lack standing to challenge the

constitutionality of a state law in federal court[1] where their interests are official as opposed to where their interests are personally adversely affected. *Rauner*, 2015 WL 2385698, at *3.

Indeed, the Seventh Circuit has "repeatedly held that public officials forced to take what they believe to be illegal actions cannot premise standing on the assertion that they do not want to be complicit in unlawful behavior." *Johnson v. U.S. Office of Pers. Mgmt.*, 783 F.3d 655, 666 (7th Cir. 2015). "Indignation that the law is not being obeyed, sympathy for the victims of that disobedience, a passionate desire to do one's legal duty—none of these emotions, however laudable, sincere, and intense, will support a federal lawsuit." *Cronson v. Clark*, 810 F.2d 662, 664 (7th Cir. 1987) (citation omitted); *see also D'Amico v. Schweiker*, 698 F.2d 903, 905 (7th Cir 1983) (dismissing action by administrative law judges challenging directive that allegedly required them to decide cases in a manner contrary to law); *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 171 F.3d 1083, 1089–90 (7th Cir. 1999) ("An order to do something in one's official capacity does not create the kind of injury that can support" an Article III case or controversy.) (string cite omitted).

*Rauner* is instructive. There, the Illinois Governor brought a lawsuit seeking a declaration that a provision of the Illinois Public Labor Relations Act violated the First Amendment. 2015 WL 2385698, at *2. The court found that the Governor lacked standing because he had no personal interest at stake. *Id.* at *3. He was not subject to the challenged provision of the statute. *Id.* "Instead, he essentially claims to have a duty to protect the First Amendment rights of all public employees

---

[1] While the present matter was originally filed in state court and then removed to federal court, Illinois nonetheless follows the federal standing requirement that a claimed injury must be "distinct and palpable." *Greer v. Ill. Hous. Dev. Auth.*, 524 N.E.2d 561, 575 (Ill. 1988) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 375 (1982)). Moreover, the party requesting the declaration must possess "some personal claim, status, or right which is capable of being affected by the grant of such relief." *Id.* Consequently, the venue where this matter was originally filed does not affect the analysis of whether Plaintiffs have an injury in fact, and thus standing.

in the state. These are obviously official rather than personal interests, and indeed, he [had] brought the suit in his official capacity." *Id.*

Likewise, in this case the State's Attorney bring suit in his official capacity and on behalf of McHenry County itself. (ECF No. 1-1 at ¶¶ 1-2). He also purports to sue on behalf of the people of Illinois. (*Id.*). He alleges he has standing because he has general statutory and common law authority to represent the people in matters affected with a public interest. (*Id.* at ¶¶ 1, 5-6). But he offers no precedent for the existence of such authority to advance the claimed interests of some individuals, contrary to the interests of others, by challenging a statute enacted by the sovereign from which he derives his powers. McHenry County, notably, makes no such attempt to allege it has any standing whatsoever.

Neither Plaintiff is subject to the challenged portions of the Act. McHenry County is a body politic that has no ability to bear arms. As for the State's Attorney, he is subject to the Act only in his personal capacity, not in his official capacity as a state officer under which he sued.

Nor are the cases Plaintiffs cite in the Complaint to assert standing applicable here. In neither case did a state's attorney bring a claim challenging the constitutionality of an Illinois statute. In *AFSCME, Council 31 v. Ryan*, a state's attorney challenged the closing of a mental health facility. 807 N.E.2d 1235, 1237 (Ill. Ct. App. 2004). The matter was brought pursuant to the Illinois Health Facilities Planning Act. *Id.* The Illinois Appellate Court found that the state's attorney had standing not only due to his duty to commence civil actions where the public interest is concerned, but that the Planning Act granted him implicit authority to enforce its provisions. *Id.* at 1242. The case does not establish that a state's attorney has authority to challenge the constitutionality of a statute.

In *People ex rel. Kunstman v. Nagano*, neither of the parties was a state's attorney. 59 N.E.2d 96, 98 (Ill. 1945). There, a resident of Chicago filed a case in the name of the people of the State of Illinois without the consent of the State's Attorney of Cook County. *Id.* The issue was whether the resident was authorized to do so under a specific state statute no longer in existence. *Id.* at 97. Once again, the case does not establish that a state's attorney may sue in his official capacity to challenge an Illinois statute.

The State's Attorney also claims he is personally affected by the Act because it imposes on him "the obligation to execute criminal offenses," which, he says, would violate the Second Amendment. (ECF No. 1-1 at ¶ 9). This argument is incorrect for multiple reasons. First, the premise is incorrect; state's attorneys in Illinois have exclusive and unreviewable discretion to initiate criminal prosecutions, *e.g., People ex rel. Daley v. Moran*, 94 Ill.2d 41, 45-46 (1983), and this bedrock principle applies with equal force to the new sections of the Criminal Code of 2012 prohibiting the sale and purchase of assault weapons and large capacity ammunition feeding devices, 720 ILCS 5/24-1.9, 24-1.10. Nothing in Illinois law imposes an "obligation" on the State's Attorney to prosecute these or any other criminal offenses.

Regardless, the State's Attorney is also wrong when he claims this so-called "obligation" causes him to face an "ethical quandary" under Illinois Rule of Professional Conduct 3.8. (*Id.* at ¶ 7). In support, he cites *People v. Cochran*, 145 N.E. 207, 214 (Ill. 1924), which is distinguishable. There, a state's attorney had a witness testify before a grand jury under the guise of examining him as to the guilt of someone else, did not fully inform him of his rights, and then used that testimony as evidence against him during a criminal trial. *Id.* Accordingly, *Cochran*'s statement that state's attorneys have a "duty to safeguard the constitutional rights" of criminal defendants refers only to suspects' due process rights during the course of a criminal investigation. *Id.* It does not establish

that a state's attorney has standing to bring an action to challenge the constitutionality of a state statute in order to safeguard the constitutional rights of all Illinoisans.

Moreover, a similar theory to establish standing was attempted and failed in *Prim v. Raoul*. In *Prim*, the plaintiffs, a group of Illinois sheriffs, challenged the constitutionality of the Illinois Trust Act. 2021 WL 214641, at *1. The plaintiffs argued that because the Trust Act prevented cooperation between themselves and U.S. Immigration and Customs Enforcement, it was preempted by federal law. *Id.* Plaintiffs argued "that following such a law would violate their oath of office to uphold the Constitution and would subject them to litigation." *Id.* This court found that an alleged potential violation of an oath of office alone (i.e. without additional threat of expulsion from office or other similar disciplinary action) was not a sufficient interest to confer standing on the plaintiffs. *Id.* at *2 (distinguishing *Prim* from *Bd. of Educ. v. Allen*, 392 U.S. 236 (1968)). The Court also found that the alleged threat of litigation was not sufficient because the threat of litigation must be against Plaintiffs in their personal, not official, capacity. *Id.* at *4.

Here, the State's Attorney does not allege that he faces expulsion from office or similar disciplinary action. Nor does he allege he will be subject to any threat of litigation in his personal capacity by enforcing the Act. *Prim* further demonstrates that Plaintiffs lack standing.

Finally, McHenry County lacks standing to bring this action under the doctrine of legislative supremacy, which precludes political subdivisions of the state from bringing constitutional claims against it. "Repeated decisions of [the Illinois Supreme Court] have emphasized that 'Counties, cities, school districts, and other municipal corporations created by authority of the Legislature derive all their rights and powers from the source of their creation, . . . .'" *People ex rel. Gutknecht v. City of Chicago*, 414 Ill. 600, 638 (1953); *see* Ill. Const. art. VII, § 2(a) ("The General Assembly shall provide by law for the formation, consolidation, merger,

division, and dissolution of counties, and for the transfer of territory between counties."); 55 ILCS 5/Art. 1 (provisions of the Counties Code relating to the formation of counties). These governmental entities "created by statute are wholly within the control of the legislature" and therefore cannot pursue constitutional claims against the state. *E. St. Louis Fed'n of Teachers v. E. St. Louis Sch. Dist. No. 189 Fin. Oversight Panel*, 178 Ill. 2d 399, 412-13 (1997).

Two independent reasons support this limitation on standing. *First*, because "[t]he character of the functions of such municipal corporations, the extent and duration of their powers and the territory in which they shall be exercised rest entirely in the legislative discretion," it follows that "[t]he governmental powers which they may exercise and the property which they may hold and use for governmental purposes are equally within the power of the Legislature" and "may be enlarged, diminished, modified, or revoked, their acts set aside or confirmed, at the pleasure of the Legislature." *People ex rel. Taylor v. Camargo Cmty. Consol. Sch. Dist. No. 158*, 313 Ill. 321, 324 (1924). *Second*, counties and other political subdivisions of the state are not "persons" within the protection of the Fourteenth Amendment, which incorporates the Second Amendment right to bear arms against the states. *See, e.g., City of Newark v. New Jersey*, 262 U.S. 192, 196 (1923); *City of Trenton v. New Jersey*, 262 U.S. 182, 186-87 (1923); *City of E. St. Louis v. Cir. Ct.*, 986 F.2d 1142 (7th Cir. 1993); *Vill. of Arlington Heights v. Reg'l Transp. Auth.*, 653 F.2d 1149, 1151-52 (7th Cir. 1981). For this reason too, McHenry County lacks standing.

## CONCLUSION

The Court should enter judgment in favor of Defendants and against Plaintiffs because they have not suffered an individualized injury relating to their personal capacities and therefore lack standing to sue. For the reasons stated herein, Defendants respectfully request that this Honorable Court grant their motion for judgment on the pleadings and dismiss this action with prejudice.

Dated: March 3, 2023                              Respectfully submitted,


                                                  /s/ Darren Kinkead
                                                  Darren Kinkead
                                                  Office of the Illinois Attorney General
                                                  100 West Randolph Street
                                                  Chicago, IL 60601
                                                  773-590-6967
                                                  Darren.Kinkead@ilag.gov