**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| PATRICK KENNEALLY, in his official capacity as McHENRY COUNTY STATE'S ATTORNEY and on behalf of the PEOPLE OF THE STATE OF ILLINOIS, and McHENRY COUNTY, body politic and corporate, | |
| Plaintiffs, | |
| v. | No. 3:23-cv-50039 |
| KWAME RAOUL, in his official capacity as Illinois Attorney General, and GOVERNOR J.B. PRITZKER, in his official capacity as Governor of the State of Illinois, | |
| Defendants. | |

## <u>UNCONTESTED MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF</u>

Defendants, Kwame Raoul, in his official capacity as Attorney General for the State of Illinois, and J.B. Pritzker, in his official capacity as Governor of the State of Illinois (collectively, "Defendants"), by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, pursuant to Local Rule 7.1, respectfully request leave to file an overlength memorandum in opposition to Plaintiffs' motion for preliminary injunction (Dkt. 5). In support of this motion, Defendants state:

1.     On January 26, 2023, Plaintiffs filed a complaint alleging that the Protect Illinois Communities Act (the "Act") violates the Second Amendment of the U.S. Constitution. Defendants removed the action to this Court on January 27, 2023.

2.      On February 14, 2023, Plaintiffs filed a 2-page motion for preliminary injunction seeking to restrain and enjoin Defendants from enforcing the Act and a 20-page memorandum of law in support of their motion.

3.      The same day the Court set a briefing schedule for the pending motion. The Court set a March 24, 2023 deadline for Defendants to respond.

4.      Defendants are preparing a response in opposition to Plaintiffs' motion for preliminary injunction. Although the draft is not completed, the State anticipates that it will be approximately 70 pages in length.

5.      Local Rule 7.1 and this Court's procedures require that no briefs be submitted that are longer than 15 pages without prior approval from the court.

6.      Defendants have made every effort to comply with the page limit, but are not able to do so while also fully addressing Plaintiffs' motion for preliminary injunction. In order to address whether Plaintiffs are likely to succeed on the merits of their Second Amendment claims, Defendants must address the text-and-history framework recently established by the United States Supreme Court in *N.Y. State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). Defendants intend to show both that the Act regulates conduct not protected by the text of the Second Amendment and that the Nation's history and tradition supports these regulations. Providing the necessary historical context for these arguments requires additional pages.

7.      Furthermore, Defendants need additional pages to address the remaining elements of a preliminary injunction of irreparable harm, the public interest, and the balance of the equities.

8.      This case involves important constitutional challenges that could have far-reaching implications regardless of the outcome. It is important that Defendants are able to fully address the issues raised in Plaintiffs' preliminary injunction motion.

2

9.     Defendants were recently allowed leave to file a 75-page response and 80-page response to similar preliminary injunction motions based on Second Amendment challenges to the Act. *See Herrera v. Raoul*, No. 23-cv-532 (N.D. Ill.), Dkt. 45 (allowing up to 75 pages); *Barnett v. Raoul*, No. 23-cv-209 (S.D. Ill.), Dkt. 32 ¶ 4 (consolidating four actions and allowing up to 80 pages). The number of pages being sought herein is also consistent with the length of preliminary injunction opposition briefs filed by Attorneys General in other jurisdictions in cases involving regulations of assault weapons and large capacity magazines, such as *Delaware State Sportsmen's Association, Inc. et al. v. Delaware Department of Safety and Homeland Security, et al*., No. 22-cv-951 (D. Del.), Dkt. 37 (59 pages).

10.     Plaintiffs' counsel states he does not oppose the request to file an overlength brief, if the State would agree to Plaintiffs' request (if any) to file an overlength reply. The State has agreed to Plaintiffs' request.

WHEREFORE, Defendants respectfully request leave to file an overlength brief not to exceed 70 pages in opposition to Plaintiffs' motion for preliminary injunction.

Dated: March 20, 2023                    Respectfully submitted,

                                        /s/ Kathryn Hunt Muse

                                        Office of the Attorney General
                                        100 W. Randolph Street, 12th Floor
                                        Chicago, IL 60601
                                        (312) 814-3000
                                        Kathryn.Muse@ilag.gov

                                        *Counsel for Attorney General Raoul and Governor Pritzker*