**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PATRICK KENNEALLY, in his official capacity as McHENRY COUNTY STATE'S ATTORNEY and on behalf of the PEOPLE OF THE STATE OF ILLINOIS, and McHENRY COUNTY, body politic and corporate, | ) ) ) ) ) ) ) | Case No. 23 CV 50039 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| KWAME RAOUL, in his official capacity as Illinois Attorney General, and GOVERNOR J.B. PRITZKER, in his official capacity as Governor of the State of Illinois | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Patrick Kenneally, State's Attorney of McHenry County, on behalf of the People of McHenry County, brings this Response to Defendants' Motion for Judgment on the Pleadings ("Defendant's Motion"), and states as follows:

**INTRODUCTION**

Defendants erroneously urge the Court to dismiss the instant action under FRCP Rule 12(c), based upon the theory that Plaintiff does not have standing. Defendants mistakenly argue that Plaintiff lacks standing because Plaintiff supposedly has not suffered injury in fact and based upon the application of the doctrine of legislative supremacy. For the reasons stated below, Defendants are mistaken, and the Court should deny Defendant's Motion.

**ARGUMENT**

**I.**     **Plaintiff Has Suffered Injury In Fact.**

Cases have established that standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Defendants challenge is to the first prong.   An injury in fact must be concrete and particularized. *Susan B. Anthony List* v. *Driehaus*, 573 U. S. 149, 158,(2014).   A "concrete" injury must be "*de facto*", meaning it must actually exist; the injury must be "real," and not "abstract." *Spokeo*, 341.  The risk of real harm can satisfy the requirement of concreteness.   *Clapper v. Amnesty International USA*, 568 U.S. 398, 435 (2013). "Concrete" injury is not synonymous with "tangible" injury.  *Spokeo*, 340.  Courts have held that intangible injuries can nevertheless be concrete.  *Id.*

Judged by this analytical framework, Plaintiff clearly has suffered injury in fact. On January 17, 2023, Plaintiff has been sued in *Harrel v. Kenneally*, et al., 3:23-cv-00141-SPM (consolidated with *Barnett v. Raoul*, 3:23-cv-00209SPM), in the United States District Court for the Southern District of Illinois.[1]  The Lawsuit names Plaintiff as a defendant in that case.  It is a declaratory relief action and a request for an injunctive relief alleging against Plaintiff the exact theory and relief that Plaintiff maintains the instant action upon.   Specifically, the plaintiffs[2] in the Lawsuit seek to have the Protect Illinois Communities Act ("PICA") held unconstitutional based upon U.S. Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).

There are, however, two important distinctions between the Lawsuit and the instant action.  First, Plaintiff has effectively been corralled into the Lawsuit based upon the unconstitutional actions of the Defendants in this action.   Second, and more

---

[1] The complaint in that action is attached hereto as "Exhibit 1" and hereinafter referred to as the "Lawsuit."

[2] The plaintiff in that action is the gun store, Marengo Guns Inc.

significant to Defendant's Motion, the plaintiffs in the Lawsuit have alleged its case, in part, under 42 U.S.C. §1983 and 42 U.S.C. §1988, alleging an entitlement to the payment by Plaintiff of its legal expenses and attorneys fees.[3]

It does not get more particularized than to be named as a defendant in a federal case.  Plaintiff's name is literally particularly alleged as a litigant being sued.  Similarly, the complaint containing Plaintiff's name is concrete and tangible.  The risk of being required to pay Marengo Guns' legal costs and attorneys fees is, at the very least, an intangible risk based upon the Lawsuit.

Put another way, there is nothing abstract about the reality of the Lawsuit.  The fact that Plaintiff has been required to answer the Lawsuit, file a response to the request for an injunction, and, send one of its Assistant State's Attorneys to East St. Louis Illinois, incurring actual travel expenses, are all separate examples of how real Plaintiff's injuries are, in fact.

Worse, the Lawsuit alleged against Plaintiff in the Southern District is alleged on substantively meritorious grounds,[4] as evidenced by the fact that on April 28, 2023, the Honorable Judge Stephen P. McGlynn entered an order granting the nearly identically alleged request for injunctive relief as was alleged in this action.  In that case, Judge McGlynn stated:

"Of significance, Patrick Kenneally, in his official capacity as State's Attorney of McHenry County, is a plaintiff in the Northern District of Illinois, where he is seeking similar injunctive relief against defendants Kwame Raoul and JB Pritzker regarding the constitutionality of PICA."

Plaintiff respectfully submits that the Lawsuit posits another quandary for Plaintiff that bears upon the issue of standing, namely that Plaintiff verily believes that

---

[3] Exhibit 1, ¶¶ 94, 95, and 100.

[4] By "substantively meritorious grounds", Plaintiff is referring to the declaratory relief action that is derived from the Bruen decision.  Plaintiff specifically denies liability for the §1983 and §1988 request for payment of Marengo Guns' legal expenses and attorney fees.  Walking this legal tightrope is part of the reality that Defendants have placed Plaintiff in by having to sue in one venue and defend in another.

the plaintiffs in the Lawsuit have accurately cited the status of Second Amendment law, and that PICA is an express violation *Heller, McDonald,* and *Bruen.*

Illinois law makes clear that a State's Attorney may litigate in the public interest. *AFSCME, Council 31 v. Ryan,* 347 Ill. App. 3d 732 (5th Dist. 2004). The State's Attorney, as a constitutional officer with rights and duties analogous to or largely coincident with Attorney General, is the one to represent the people in matters affected with a public interest. *Kuntsman v. Nagano,* 389 Ill. 231, 249 (1945). "It is presumed that [the State's Attorney] will act under such a heavy sense of public duty and obligation for enforcement of all our laws that he will commit no wrongful act. If he does, the remedy must be by other well known means." *Id.* at 252.

Further, Illinois Rule of Professional Conduct 3.8 provides that "The duty of a public prosecutor is to seek justice, not merely to convict." The committee comments state that "the responsibility of a minister of justice and not simply that of an advocate."

PICA forces Plaintiff to ignore the passage of, or enforce, a law that is a clear violation of the Second Amendment to the United States Constitution. This places Plaintiff in an impossible ethical dilemma of enforcing new, unconstitutional criminal offenses against citizens who are lawfully exercising their constitutional rights. This places Plaintiff's assistant state's attorneys in an even worse ethical impasse in the event that they were directed to prosecute criminal cases that are patently in violation of the Second Amendment.

Defendants have cited several cases that are factually inapposite and have no bearing upon a State's Attorney's standing to bring a case in the public interest. Illinois has not ruled on whether an attorney general or state's attorney may challenge unconstitutional legislative enactments in furtherance of the public good by its common law and/or constitutional authority. A number of other jurisdictions have found that it is not only the right, but the duty of the chief law enforcement officer to do so. *State ex rel. Davis v. Love,* 99 Fla. 333 (1930); *Wilentz v. Hendrickson,* 133 N.J. Eq. 447 (1943). *State* ex rel. *Meyer v. Peters,* 188 Neb. 817, 820 (1972); *State ex rel. Evans v. Bhd. Of Friends,* 41 Wn. 2d 133 (1952); *Commonwealth ex rel. Hancock v. Paxton,* 516 S.W.2d 865, 868 (Ky. Ct. App. 1974).

Finally, Plaintiff submits that adherence to the Constitution by its law enforcement, court system, and other government officials and institutions is a matter of public interest. The enactment and implementation of PICA, the terms of which must be observed, abided by, and enforced by McHenry County officials, impairs this interest because PICA is unconstitutional.

## II.   The Doctrine of Legislative Supremacy Has No Application to This Case.

Defendants predicate their legislative supremacy argument on "repeated decisions" of the Illinois Courts. Citing *People ex rel. Gutknecht v. Chicago*, 414 Ill. 600, (1953) and *East St. Louis Fed'n.of Teachers, Local 1220 v. East St. Louis School District No. 189 Financial Oversight Panel*, 178 Ill. 2d 399, (1997), Defendants argue that the doctrine of

legislative supremacy stands is a bar to Plaintiff's standing. The problem with this argument is that neither case stands for such a proposition. Neither case deals with the roles of the State's Attorney, and whether the same has standing to bring actions similar to the one before the Court. Neither case deals with standing, and the *East St. Louis Fed'n.of Teachers, Local 1220* does not even use the word "standing."[5]

In sum, Defendants urge the Court to make a decision that is based upon the sum total of zero legal authority. Defendants have failed to cite so much as one case where a State's Attorney, or only litigant, was held not to have standing based on the application of the doctrine of legislative supremacy.

## <u>CONCLUSION</u>

Plaintiff requests that this Honorable Court enter an order denying Defendants' Motion, together with any and all other relief that the Court teams just and proper.

Respectfully Submitted by:

<u>Troy C. Owens</u>
McHenry County Assistant
State's Attorney

Patrick D. Kenneally
McHenry County State's Attorney
Troy C. Owens
Assistant State's Attorney

---

[5] *Gutknecht* the word "standing"but not in the context of Article III standing or jurisdiction.

6

McHenry County Government Center
2200 North Seminary Avenue
Woodstock, Illinois 60098
815-334-4159 (phone)
815-334-0872 (fax)
TCOwens@mchenrycountyil.gov

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of May, 2023, I electronically filed **Plaintiff's Response To Defendants' Motion For Judgment On The Pleadings** with the Clerk of the U.S. District Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Troy C. Owens